PP:SHP
F. #2025R00075

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JAMES STRONG,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **25-CR-214**
(T. 18, U.S.C., §§ 922(a)(1)(A),
922(g)(1), 924(a)(1)(D), 924(a)(8),
924(d)(1), 933(a)(1), 933(a)(2), 933(b),
934(a), 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

**Judge Nicholas G. Garaufis
Magistrate Judge Joseph A. Marutollo**

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Firearms Trafficking)

1. In or about and between January 2025 and March 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAMES STRONG, together with others, did knowingly and intentionally (a) ship, transport, transfer, cause to be transported and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying and possession of a firearm by the recipient would constitute a felony; and (b) receive from another person one or more firearms, in and affecting interstate and foreign commerce, knowing or having reasonable cause to believe that such receipt would constitute a felony.

(Title 18, United States Code, Sections 933(a)(1), 933(a)(2), 933(b), 2 and 3551 et seq.)

## COUNT TWO
(Unlicensed Firearms Dealing)

2. In or about and between January 2025 and March 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAMES STRONG, together with others, not being a licensed importer, licensed manufacturer or licensed dealer of firearms, did knowingly and intentionally engage in the business of dealing in firearms, and in the course of such business did ship, transport and receive one or more firearms in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 et seq.)

## COUNTS THREE THROUGH SEVEN
(Felon in Possession of a Firearm)

3. On or about the following dates, within the Eastern District of New York and elsewhere, the defendant JAMES STRONG, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce firearms, to wit:

| COUNT | DATE | FIREARMS |
|---|---|---|
| THREE | January 23, 2025 | (1) Romarm/Cugir model Mini Draco 7.62 caliber pistol, serial number PE7730-2018-RO; (2) Masterpiece Arms model Defender 9mm caliber pistol, serial number FX41147; (3) Taurus model The Judge .45 caliber revolver, serial number IR125388; (4) HS Produkt model XDM Elite 10mm caliber pistol, serial number BB357837; (5) Ruger model American Pistol .45 caliber pistol, serial number 86121338; and (6) Taurus model G2C 9mm caliber pistol, serial number TMC82248 |
| FOUR | January 30, 2025 | (1) Taurus model PT111 Millennium G2 9mm caliber pistol, serial number TJR52457; (2) Smith & Wesson model M&P 15 .556 caliber rifle, serial number TP28171; and (3) Palmetto State Armory model PX9 9mm caliber pistol, serial number X9015069 |

| COUNT | DATE | FIREARMS |
|---|---|---|
| FIVE | February 10, 2025 | (1) SCCY Industries model CPX1 9mm caliber pistol, serial number 440070; (2) Smith & Wesson model SD40VE .40 caliber pistol, serial number FCM0586; (3) Jennings Firearms model J22 .22 caliber pistol, serial number 331776; and (4) Weihrauch, Hermann model HW7 .22 caliber revolver, serial number 1370062 |
| SIX | February 19, 2025 | (1) Del-Ton Inc. model DTI-15 556 caliber rifle, serial number B-48447; (2) Charles Daly model AR 12S 12GA 12-gauge shotgun, serial number 21SA12U-1748; (3) Taurus model G2C 9mm caliber pistol, serial number ADK789342; (4) SCCY Industries model CPX1 9mm caliber pistol, serial number C081789; and (5) Jimenez Arms model J.A.25 25 caliber pistol, serial number 189736 |
| SEVEN | March 13, 2025 | (1) High Standard model Sentinel MKIV 22 caliber revolver, serial number S31583; (2) High Standard model Duramatic 22 caliber pistol, serial number 1595586; and (3) Iberia Firearms model JCP 40 caliber pistol, serial number 766041 |

(Title 18, United States Code, Sections 922(g)(1), 924(a)(8) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

4.  The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 924(d)(1) and 934(a)(1), and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses; and (c) any firearm or ammunition involved in or used in any violation of any criminal law of the United States.

5.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

   (b)  has been transferred or sold to, or deposited with, a third party;

   (c)  has been placed beyond the jurisdiction of the court;

   (d)  has been substantially diminished in value; or

   (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Sections 924(d)(1) and 934(a); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH SEVEN

  6.  The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Two through Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

  7.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a)  cannot be located upon the exercise of due diligence;

   (b)  has been transferred or sold to, or deposited with, a third party;

   (c)  has been placed beyond the jurisdiction of the court;

   (d)  has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

s/
_____
FOREPERSON

By: *Whitman G.S. Knapp, AUSA*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK